Larry D. Simons
*larry@lsimonslaw.com*
**CHAPTER 7 TRUSTEE**
3610 Central Avenue, Suite 400
Riverside, California 92506
Telephone: 951.686.6300
Facsimile: 951.742.4733

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>JERRY MILTON<br><br>Debtor.<br>_____<br><br>LARRY D. SIMONS, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>EVELYN GUTIERREZ<br><br>Defendants, | Case No. 6:19-bk-11924 WJ<br><br>Adv. Proc. No.<br><br>Chapter 7<br><br>**COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS, (2) PRESERVATION OF PREFERENTIAL TRANSFERS AND (3) DISALLOWANCE OF CLAIMS**<br><br>DATE: TO BE SET BY SUMMONS<br>TIME: TO BE SET BY SUMMONS<br>PLACE: CTRM 304 |

For his Complaint for (1) Avoidance and Recovery of Preferential Transfers, (2) Preservation of Preferential Transfers, and (3) Disallowance of Claim (the "Complaint"), plaintiff, Larry D. Simons, the duly appointed, qualified and acting Chapter 7 Trustee (the "Trustee or "Plaintiff") for the estate of Jerry Milton (the "Debtor") hereby alleges and avers as follows:

**STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) and because this is a civil proceeding arising in and/or related to the Debtor's chapter 7 case, styled <u>In re Jerry Milton</u>, bearing Bankruptcy Case

No. 6:19-bk-11924 WJ, currently pending in the Riverside Division of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Case").

2. Plaintiff, Larry D. Simons ("Trustee" or "Plaintiff") is the duly appointed, qualified and acting chapter 7 trustee of the bankruptcy estate (the "Estate") created in the instant chapter 7 Bankruptcy Case.

3. Debtor, Jerry Milton ("Debtor") is the chapter 7 debtor in the Bankruptcy Case, and initiated this case by filing a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") on March 11, 2019 (the "Petition Date").

## PARTIES

4. Plaintiff brings this action solely in his capacity as Trustee for the benefit of the estate and its creditors. To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes and, on that basis alleges thereon, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the petition was filed.

5. Plaintiff was appointed after the filing of the Debtor's chapter 7 case. As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to his appointment and, therefore, alleges all those facts on information and belief. Plaintiff reserves his right to amend this Complaint to allege additional claims against the Defendant and to challenge and recover transfers made to or for the benefit of the Defendant in addition to those transfers alleged in this Complaint.

6. Defendant, Evelyn Gutierrez (the "Defendant") is an individual residing within the jurisdiction of this Court.

///

///

///

Larry D. Simons, Chapter 7 Trustee
3610 Central Avenue, Suite 400
Riverside, California 92506

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

7.  Plaintiff is informed and believes and, on that basis alleges thereon, that the Debtor made transfers of property to the Defendant on or within ninety (90) days prior to the Petition Date, in the form of payments to the Defendant, in the amount of $3,500.00 (collectively, the "Transfer").

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfer Pursuant to 11 U.S.C. § 547(b))

8.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 7 as though set forth in full.

9.  Plaintiff is informed and believes and, on that basis alleges thereon, that the Transfer was made to the Defendant for the benefit of the Defendant, who was a creditor of the Debtor at the time of the Transfer as the term "creditor" is defined by 11 U.S.C. § 101(10).

10. Plaintiff is informed and believes and, on that basis alleges thereon, that the Transfer was a transfer of interest of the Debtor in property.

11. Plaintiff is informed and believes and, on that basis alleges thereon, that the Transfer was made for or on account of an antecedent debt owed by the Debtor to the Defendant before the Transfer was made.

12. Plaintiff is informed and believes and, on that basis alleges thereon, that the Transfer was made while the Debtor was insolvent.

13. Plaintiff is informed and believes and, on that basis alleges thereon, that the Transfer enabled the Defendant to receive more than the Defendant would have received if (a) the Debtor's bankruptcy case was a case under chapter 7 of title 11 of the United States Code; (b) the respective transfers had not been made; and (c) the Defendant received payment of such debt to the extent provided by title 11 of the United States Code.

14. Interest on the Transfer has accrued and continues to accrue from the date the Transfer was made.

15. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547(b) that the Transfer is avoided pursuant to 11 U.S.C. § 547(b).

## SECOND CLAIM FOR RELIEF

### (For Recovery of Property Pursuant to 11 U.S.C. § 550)

16. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15 as though set forth in full.

17. Plaintiff is informed and believes and, on that basis alleges thereon, that Plaintiff is entitled to avoid the Transfer under 11 U.S.C. § 547(b). As the Defendant is the initial transferee of the Transfer, or the individual or entity for whose benefit the Transfer was made, or is the immediate or mediate transferee of the initial transferee receiving such Transfer, Plaintiff is entitled to recover for the Estate the proceeds or value of the Transfer under 11 U.S.C. § 550.

## THIRD CLAIM FOR RELIEF

### (For Preservation of Avoided Transfer Pursuant to 11 U.S.C. § 551)

18. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 17 as though set forth in full.

19. Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any transfer avoided under 11 U.S.C. § 547(b), including the Transfer, for the benefit of the Estate.

## FOURTH CLAIM FOR RELIEF

### (For Disallowance of Claim Pursuant to 11 U.S.C. § 502(d))

20. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19 as though set forth in full.

21. Plaintiff is informed and believes and, on that basis alleges thereon, that the Defendant may assert a claim against the Debtor's estate.

22. Pursuant to 11 U.S.C. § 502(d), Plaintiff requests that any claim asserted by the Defendant be disallowed for their failure to repay the Transfer.

///
///
///
///

Larry D. Simons, Chapter 7 Trustee
3610 Central Avenue, Suite 400
Riverside, California 92506

Larry D. Simons, Chapter 7 Trustee
3610 Central Avenue, Suite 400
Riverside, California 92506

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

**ON THE FIRST CLAIM FOR RELIEF**

1. For a judgment that the Transfer is avoidable as a preferential transfer under 11 U.S.C. § 547(b).

**ON THE SECOND CLAIM FOR RELIEF**

2. For a judgment that the Estate is entitled to recover the Transfer or the value thereof under 11 U.S.C. § 550.

**ON THE THIRD CLAIM FOR RELIEF**

3. For a judgment that the Estate is entitled to preserve any transfer avoided under 11 U.S.C. § 547(b), including the Transfer, for the benefit of the Estate.

**ON THE FOURTH CLAIM FOR RELIEF**

4. For a judgment disallowing any claims of the Defendant against the Debtor's Estate pursuant to 11 U.S.C. § 502.

**ON ALL CLAIMS FOR RELIEF:**

5. For interest as permitted by law from the date of the Transfer;

6. For costs of suit incurred herein, including, without limitation, attorneys' fees; and

7. For such other and further relief as the Court deems just and proper.

Dated: 02/07/2020              */s/Larry D. Simons*
                                Larry D. Simons, Chapter 7 Trustee

FORM B104 (08/07)      2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Larry D. Simons, Chapter 7 Trustee | **DEFENDANTS**<br>Evelyn Gutierrez |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Larry D. Simons<br>Chapter 7 Trustee<br>3610 Central Avenue, Suite 400<br>Riverside, CA 92506 TEL: 951-686-6300 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoidance of preferential transfer pursuant to 11 U.S.C. § 547 and recovery for estate pursuant to 11 U.S.C. § 550

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☒ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
- ☐ 71-Injunctive relief - imposition of stay
- ☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 3,500 |

American LegalNet, Inc.
www.FormsWorkflow.com

FORM B104 (08/07), page 2                                                                                  2007 USBC, Central District of California

| Other Relief Sought | |
|---|---|

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Jerry Milton | | BANKRUPTCY CASE NO.<br>6:19-bk-11924 WJ |
| DISTRICT IN WHICH CASE IS PENDING<br>Cent. Dist of California | DIVISIONAL OFFICE<br>Riverside | NAME OF JUDGE<br>W. Johnson |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*[signature]*

| DATE<br>02/07/2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Larry D. Simons, Chapter 7 Trustee |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as par of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiffs attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

American LegalNet, Inc.
www.FormsWorkflow.com